IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CR-162-D

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| v. | ) **ORDER**<br>) |
| DAVID ALLAN BLAN, | )<br>) |
| Defendant. | ) |

On May 21, 2024, a grand jury indicted David Allan Blan ("Blan" or "defendant") for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924 [D.E. 1]. On March 23, 2025, Blan moved to dismiss the indictment based on the Second Amendment and filed a memorandum in support [D.E. 34]. The same day, Blan moved to suppress evidence under the Fourth and Fifth Amendments [D.E. 35] and filed a memorandum in support [D.E. 36]. On April 21, 2025, the United States responded in opposition [D.E. 44].

Blan contends that United States v. Rahimi, 602 U.S. 680 (2024), and New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), render section 922(g)(1) facially unconstitutional. See [D.E. 30] 9–18. Section 922(g)(1), however, "is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances." United States v. Canada, 123 F.4th 159, 161 (4th Cir. 2024) (quotation omitted). Thus, the court rejects Blan's facial challenge to section 922(g)(1).

Blan also contends that section 922(g)(1) is unconstitutional as applied to non-violent felons. See [D.E. 30] 18. Blan is mistaken. In United States v. Hunt, 123 F.4th 697 (4th Cir. 2024), petition for cert. filed, No. 24-6818 (U.S. Mar. 20, 2025), the United States Court of Appeals for the Fourth Circuit rejected a materially indistinguishable challenge. See id. at 700–

01. In Hunt, the Fourth Circuit also disclaimed the need for "felony-by-felony litigation" vis-a-vis section 922(g)(1). Id. at 708 (quotation omitted). Thus, the court rejects Blan's as-applied challenge to section 922(g)(1) and denies Blan's motion to dismiss the indictment.

As for Blan's motion to suppress, the court will hold an evidentiary hearing. "When material facts that affect the resolution of a motion to suppress evidence seized during a warrantless search are in conflict, the appropriate way to resolve the conflict is by holding an evidentiary hearing . . . ." United States v. Taylor, 13 F.3d 786, 789 (4th Cir. 1994). A court "must hold an evidentiary hearing on a suppression motion . . . when the motion asserts facts that (1) are disputed and unresolvable on the record and (2) will affect the resolution of the constitutional claim." United States v. Bowman, 106 F.4th 293, 300 (4th Cir. 2024), cert. denied, 145 S. Ct. 426 (2024). Here, the parties dispute material facts necessary to resolve Blan's motion to suppress. Thus, the court will hold an evidentiary hearing.

In sum, the court DENIES defendant's motion to dismiss the indictment [D.E. 34] and will hold an evidentiary hearing concerning defendant's motion to suppress [D.E. 35]. The parties SHALL confer and propose three dates for the hearing. The proposal is due not later than May 2, 2025.

SO ORDERED. This 25 day of April, 2025.

JAMES C. DEVER III
United States District Judge